ALONZO C. BASS et al.

v.

THE CITY OF CHICAGO.

*Opinion filed February 21, 1902.*

1. SPECIAL ASSESSMENTS—*effect of unqualified dismissal of petition.* An unqualified dismissal of an assessment proceeding at the instance of the petitioner, upon the hearing of the application to confirm the assessment, abrogates the entire proceeding under the ordinance, and the city cannot pass a new and different ordinance and have the assessment thereunder confirmed without taking the necessary preliminary steps required by statute, concerning the estimate of cost and public hearing.

2. SAME—*preliminary action of board under sections 7 and 8 of Improvement act is jurisdictional.* The preliminary action of the board of local improvements, under sections 7 and 8 of the Improvement act of 1897, fixing a time for a public hearing, accompanied by the required estimate of cost, is essential to the jurisdiction of the court to proceed to confirm the assessment.

APPEAL from the County Court of Cook county; the Hon. GEORGE K. INGHAM, Judge, presiding.

HUFF & COOK, for appellants.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

On September 27, 1899, the common council of the city of Chicago sent an order to the board of local improvements for the improvement of Fifty-sixth street from Cottage Grove avenue to Woodlawn avenue, and Greenland avenue from Fifty-fifth to Fifty-sixth street, which was referred by the board to a committee for report and recommendation. On October 26, following, the engineer of the board was directed to prepare an estimate of the cost of the improvement, which he did, and the same was adopted on January 10, 1900. Thereupon, Wednesday, the

24th day of January, 1900, at 3 P. M., was designated as the time and room 410 in the City Hall as the place for public consideration of the matter. At that meeting the board recommended an ordinance authorizing the improvement, to the council for its adoption. On February 5, 1900, such an ordinance was regularly passed, and a petition filed in the county court on April 13 praying that a special assessment be levied for the improvement. At the same time John A. May was appointed by the board to make the assessment, and on January 7, 1901, he filed an assessment roll amounting to $21,000. Proper notices were given of the hearing to confirm the assessment, to be had on January 28, 1901, and objections thereto were filed by several property holders, the assessments objected to amounting to $11,663. On the same day default was entered against other property holders. On February 28 the following order was entered: "On motion of petitioner, all defaults heretofore entered, vacated, and petition dismissed." On the 22d day of April, 1901, the city council, on the recommendation of the board of local improvements but without a new estimate or notice of any public hearing, passed the present ordinance and presented a petition to the county court for another special assessment for the same improvement. A rule was entered by that court to file objections, and these appellants, by special appearance, questioned the jurisdiction of the court upon the ground that the board of local improvements had not taken the necessary preliminary steps prior to the recommendation of the ordinance to the common council, as required by law. The objection was overruled and an exception preserved. Other controversies arising upon the assessment were waived, and this appeal is taken.

It is insisted by counsel for appellee that the order of dismissal of February 28 was because of a variance between the recommendation of the board of local improvements and the ordinance actually passed in pursu-

ance thereof. The recommendation required eight inches of slag for the road-bed, and the ordinance only four inches. This does not appear from the record, nor do we think it important if it did. The question for our decision is, could the city council, after dismissing the proceedings under the first ordinance, pass a new and different ordinance for the same improvement without taking all the necessary preliminary steps required by the statute?

The contention of counsel for the city is, that, having discovered that the original ordinance was invalid, the city might dismiss the proceedings and pass another ordinance without a new estimate or public hearing by the board of local improvements, notwithstanding some fifteen months had intervened and the proceeding under the old ordinance had proceeded to a final hearing on the assessment. With this position we cannot agree. The order of dismissal was unqualified. The reason for it is unimportant. We held in *Clarke* v. *City of Chicago*, 185 Ill. 354, that the preliminary action of the board of local improvements, under sections 7 and 8 of the Improvement act of 1897, fixing a time for a public hearing, accompanied with the required estimate, was essential to the validity of an ordinance for a local improvement, and that without such preliminary action the county court was without jurisdiction to proceed. It is true that in the *Clarke case* the estimate of the cost of the improvement was increased and the order of dismissal made after the second proceeding had been begun and that the order vacated judgments, but we are unable to perceive how such facts can distinguish this case from that which is there decided. The manifest object of sections 7 and 8 of the statute is to afford the owners of property an opportunity to be heard, not only as to the cost of the public improvement, but also as to the necessity therefor and the nature thereof. It can hardly be seriously contended that this object of the act is accomplished by an opportunity to be heard more than a year before the ordinance is passed,

in which time circumstances may have transpired which would wholly change the situation as to the necessity, cost and propriety of the proposed improvement. We entertain no doubt that the unqualified order of dismissal abrogated the entire proceeding under the first ordinance. (6 Ency. of Pl. & Pr. sec. 13, sub-sec. 1, p. 978.) In *Loeb* v. *Willis*, 100 N. Y. 235, it was said: "By discontinuance of an action further proceedings in the action are arrested not only, but what has been done therein is also annulled, so that the action is as if it had never been."

We think the court below erred in overruling the objection of appellants to its jurisdiction, and its judgment will accordingly be reversed. *Judgment reversed.*