JERSEY CITY, HOBOKEN AND PATERSON STREET RAIL-
WAY COMPANY, PROSECUTOR, v. THE CITY OF PAS-
SAIC.

Argued February 24, 1902—Decided June 9, 1902.

1. In a proceeding to take away rights, granted by an ordinance or otherwise possessed by an individual or corporation, a municipality can only act after notice and opportunity to be heard has been given to the person or corporation whose property rights are to be affected.

2. When an ordinance is stayed in its progress to a final passage through a failure of proper continuances by the council or other municipal body, it dies with the end of the last vitalizing action. There must be continuity in such municipal action.

On *certiorari* to bring up a certain ordinance of the city of Passaic revoking rights granted to the prosecutor to lay down street railway tracks.

Before Justices Fort, Hendrickson and Pitney.

For the prosecutor, *William B. Gourley.*

*Contra, William W. Watson.*

The opinion of the court was delivered by

Fort, J. The ordinance here for review is twofold. It attempts to revoke a part of a franchise granted to one street railway and the whole of another. The title reads as follows: "An ordinance to revoke a portion of the franchise granted the Passaic, Rutherford and Carlstadt Electric Railway Company, approved January 6th, 1894, and the franchise granted to the New Jersey Electric Railway Company, approved July 11th, 1895."

The ordinances sought to be revoked in whole or in part have been operated under to the extent at least of laying part of the tracks authorized and the running of cars thereon. The

right to take the action here for review is claimed because of the failure of the railway company to comply with some of the conditions of the granting ordinances now sought to be revoked.

In a proceeding to take away rights granted by an ordinance or otherwise possessed by an individual or corporation, a municipality can only act after notice and opportunity to be heard has been given to the person or corporation whose property rights are to be affected. *Hutton* v. *Camden,* 10 *Vroom* 122; *Traction Co.* v. *Board of Works,* 27 *Id.* 431; *Stanley* v. *Passaic,* 31 *Id.* 392; *Dodd* v. *State Board of Health,* 38 *Id.* 463; *Vanatta* v. *Morristown,* 5 *Id.* 445.

The record returned does not show any formal notice to the companies interested in the proposed revocation ordinance. Nor is it pretended that any date was fixed for the consideration of the ordinance by council of which the council had directed its clerk or other officer to notify the railway company and on which the company would be given a hearing as to the proposed ordinance. This was essential. A city council cannot legally pass an ordinance destroying the property rights and interests of persons or corporations without giving them notice and an opportunity to be heard.

But if the ordinance were not void for this cause, there is still another fact fatal to its legal force. It was introduced into council August 20th, 1900, read twice and laid over and published. On September 17th, 1900, the ordinance was again taken up and on motion laid over for thirty days. On the thirtieth day there was no meeting of council and no action taken upon the ordinance.

On November 19th, 1900, the return shows that the ordinance was taken up, read a third time and passed. There had been no meeting of the council on the date to which it was laid over on, September 17th, 1900, and, in my opinion, proceedings as to this ordinance then came to an end. It was not in the power of the council to take it up at some subsequent day, at its pleasure, and pass it notwithstanding the hiatus between the date last fixed and the date of its action. There must be continuity in municipal action. The public has the

right to know when action upon an ordinance is to be taken, and if by failure to act or other cause an ordinance is stayed in its progress to final passage, through a failure of proper continuance by the council, it dies with the end of the last vitalizing action.

For these irregularities of the council in its procedure in passing the ordinance it will be set aside.