Patrick H. McLaughlin

*v.*

The City of Chicago.

*Opinion filed October 25, 1902.*

Special assessments—*lapse of year between introduction and passage of ordinance does not render it void.* The mere lapse of more than a year between the date when an ordinance was introduced into the city council on the recommendation of the improvement board and the date of its passage does not render the ordinance void. (*Bass* v. *City of Chicago,* 195 Ill. 109, distinguished.)

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

Wood & Oakley, for appellant.

Edgar Bronson Tolman, (Charles M. Walker, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for the improvement of Austin avenue, in the city of Chicago, with limestone curbing and vitrified brick, from the east line of the street railway right of way on Northwestern avenue to the east line of North Paulina street. The record shows that on the 15th day of January, 1900, the board of local improvements submitted to the city council, and recommended that it be passed, an ordinance for said improvement, together with an estimate of the cost thereof; that said recommendation was not acted upon by the city council until the 13th day of May, 1901, when the ordinance was duly passed.

The only question presented for decision in this case is, does the mere lapse of more than a year between the date when an ordinance is introduced into the city council on the recommendation of the board of local improve-

ments, and the date of its passage, render the ordinance void? We are of the opinion it does not. The statute does not provide within what time the city council shall act upon an ordinance presented to it by the board of local improvements, accompanied by its recommendation and the estimate of the cost of the improvement, and the court is powerless to impose such limitation.

The appellant relies upon the case of *Bass* v. *City of Chicago*, 195 Ill. 109, in support of the view that the ordinance is void. In that case, after the default of certain property owners had been entered, and while the case was pending as to certain objectors, an order was entered vacating all defaults and dismissing the petition. Afterwards the city council, on the recommendation of the board of public improvements but without a new estimate or public hearing, passed another ordinance for substantially the same improvement, and it was held that the dismissal was unqualified and that it abrogated the entire proceeding, including the preliminary proceeding before the board of local improvements, and that another ordinance for said improvement could not be passed without a new estimate and public hearing. The last ordinance was not presented to the city council by the board of local improvements, with its recommendation, until more than a year had elapsed after the estimate had been made and the public hearing held, while here, for aught the record shows, the ordinance in question was sent to the city council with the recommendation that it be passed, accompanied by the proper estimate, immediately after the public hearing, and was held in committee, or otherwise, properly, until it was passed. While the *Bass case* was decided correctly it is not an authority in favor of the position of appellant.

The judgment of the county court will be affirmed.

*Judgment affirmed.*