THÉ CITY OF CHICAGO

*v.*

JENNIE D. GOODWILLIE *et al.*

*Opinion filed February 17, 1904—Rehearing denied April 6, 1904.*

1. SPECIAL ASSESSMENTS—*city may dismiss proceeding to open street, before judgment.* A proceeding to open a street by special assessment of the property benefited may be dismissed by the city in good faith after the verdict is returned but before judgment thereon, since it is the judgment, and not the verdict, which concludes the parties.

2. SAME—*when existence of improvement ordinance is not a bar to second ordinance.* The existence of an improvement ordinance is not a bar to the passage of a second ordinance for the same improvement, where the former is expressly repealed by the latter, which was passed more than five years after the dismissal, before judgment, of the proceeding under the first ordinance.

SCOTT, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

This is a proceeding commenced by the appellant in the superior court of Cook county under an ordinance passed by the city council of the city of Chicago on April 2, 1902, for the opening of Lake View avenue from St. James place to Roslyn place, in the city of Chicago. The petition prayed that compensation and damages to the property affected by opening said avenue be ascer-

tained, and that each piece of property benefited by said improvement be assessed its proportionate share of the cost of said improvement.   The appellees, whose property was affected, appeared and filed objections.   The only objection relied upon here to sustain the judgment of the court below is, that on January 3, 1895, the city council of the city of Chicago passed an ordinance providing for the identical improvement specified in the ordinance which forms the basis of this proceeding; that in pursuance of the provisions of that ordinance a petition was filed in the circuit court of Cook county on March 12, 1895; that on December 23, 1896, a verdict was rendered in said proceeding fixing the compensation and damages to the property of the appellees at $23,250, and that on February 6, 1897, an order was entered on the application of appellant dismissing said proceeding without notice to appellees.   The court sustained said objection and dismissed the proceeding, and the city has appealed.

FRANK JOHNSTON, Jr., EDGAR B. TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, of counsel,) for appellant.

ROBERT S. COOK, (R. S. THOMPSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The contention of the appellees is, that the proceeding had under the ordinance bearing date January 3, 1895, is a bar to this proceeding.   We do not agree with such contention, but are of the opinion that the dismissal of said proceeding on February 6, 1897, put an end to the proceeding under the first ordinance.   *Bass* v. *City of Chicago*, 195 Ill. 109.

The city, after the verdict was returned and before judgment thereon, had the right, if it acted in good faith, to abandon the improvement and dismiss the proceeding.

(7 Ency. of Pl. & Pr. p. 674; *McChesney* v. *City of Chicago,* 188 Ill. 423.) In each of the cases of *Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 143 Ill. 641, *Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 148 id. 479, and *Illinois Central Railroad Co.* v. *City of Champaign,* 163 id. 524, relied upon by appellees, judgment had been rendered upon the verdict and an attempt was made to get rid of the judgment after the term had expired at which it was rendered, and the court held that the judgment was an adjudication between the parties which fixed the amount of compensation and damages; that while a party seeking to condemn is not bound to take the property at the price fixed by the judgment, if the property is taken the question of compensation and damages is *res judicata,* and that the question of compensation and damages cannot be opened up and re-tried by filing a new petition,—that is, the effect of the judgment cannot be gotten rid of by commencing a new proceeding. In this case the proceeding was dismissed before judgment, and the rule is, that it is the judgment which concludes the parties, and not the verdict of the jury. (*Sayler* v. *Hicks,* 36 Pa. St. 392.) Mr. Greenleaf, in his work on Evidence, (vol. 1, sec. 510,) says: "The rule is, that where the verdict was returned to a court having power to set it aside, the verdict is not admissible without producing a copy of the judgment rendered upon it, for it may be that the judgment was arrested or that a new trial was granted." "A verdict cannot ordinarily operate as an estoppel, or even be given in evidence, until it has received the sanction of the court and passed into judgment," (2 Smith's Lead. Cases, p. 687,) "because it may happen that judgment was arrested or a new trial granted." (Buller's Nisi Prius, 234.)

It is urged, however, that the first ordinance remained in force and that the city could not pass a new ordinance for the improvement covered by the first ordinance while that ordinance remained in force. We think that argu-

ment is fully answered by the fact that the first ordinance was repealed in express terms by the last ordinance and that more than seven years had elapsed between the dates of the passage of the two ordinances, and more than five years elapsed from the date of the dismissal of the first proceeding and the date of the passage of the second ordinance. In *McChesney* v. *City of Chicago, supra,* it was apparent the improvement was not abandoned, but that it was the intention of the city to immediately re-enact the ordinance and proceed to construct the identical improvement covered by the first ordinance. If it appeared here that the first proceeding was dismissed and the ordinance which formed the basis of that proceeding was repealed solely with the view of immediately passing a new ordinance for the identical improvement, with the intention of instituting a new proceeding, the purpose of which was to enable the city to escape the effect of the verdict of the jury rendered in the first proceeding and to enable it to again submit the question of compensation and damages to another jury, under the authority of the *McChesney case, supra,* it would be clear that the improvement provided for by the first ordinance had not been abandoned by the city in good faith, but where a period of more than five years has elapsed since the first proceeding was dismissed and the second proceeding commenced, we are not disposed to hold that the proceeding under the first ordinance can be interposed as a bar to the second proceeding under a new ordinance, although the improvement provided for under the new ordinance is identical with that provided for by the old ordinance.

The judgment of the superior court will be reversed and the cause will be remanded to that court for further proceedings in accordance with the views herein expressed.                        *Reversed and remanded.*

Mr. JUSTICE SCOTT, dissenting.