THE CITY OF CHICAGO, Appellee, *vs.* HENRY H. WALKER *et al.* Appellants.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. SPECIAL ASSESSMENTS—*provision for opening street need not be contained in single ordinance.* An objection that a street can not be opened by condemnation and the land condemned paid for by special assessment because the city has not provided for acquiring the right to cross certain railroad tracks is obviated by the introduction in evidence of an ordinance accepted by the railroad company providing for the elevation of such tracks and the construction of a subway.

2. SAME—*what does not defeat opening of a street across right of way.* Where a track elevation ordinance, accepted by a railroad company, provides for a subway at a certain point, the city has an easement there for subway purposes, and the opening across private property of a street which will pass through the subway cannot be defeated because the city has not condemned the right of way underlying the tracks.

3. SAME—*party having easement in switch track has a right to be heard on question of damages.* If a defendant in a proceeding under the Local Improvement act to open a street by condemnation has a contract with a railroad company creating an easement in the use of a certain switch track, which will be interfered with by the proposed improvement, such defendant has a right, upon filing a cross-petition for damages, to introduce evidence upon that question, and is not required to wait until the improvement is completed and resort to an action for damages.

4. PARTIES—*omission of party when suit is begun is cured by appearance.* Failure to make the occupant of certain of the land sought to be condemned a party to the proceeding to open a street across such land under the Local Improvement act is cured by the appearance of such occupant after the suit is begun.

APPEAL from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

This was a proceeding brought by the city of Chicago in the circuit court of Cook county, under the Local Improvement act, for the opening of South Rockwell street, in Chicago, from West Eighteenth place to West Nineteenth street. The appellants appeared and filed legal objections to said proceedings, which were overruled, and the case was then submitted to a jury upon the questions of compensation and benefits. This appeal has been prosecuted from the final judgment, based upon the verdict of the jury, and numerous errors have been assigned.

The property sought to be taken is the west thirty-three feet of block 8, (which is the property of Henry H. Walker,) the east thirty-three feet of block 9, (which is the property of the Illinois Vinegar Manufacturing Company,) in Walker's Douglas Park addition to Chicago, and that part of the 4.72 acres of the south-east quarter of section 24, town 39, north, range 13, east of the third principal meridian, conveyed by Allan Robbins to the Chicago, Burlington and Quincy Railroad Company, and known as tract "A," lying within the thirty-three feet west of and adjoining and the thirty-three feet east of and adjoining the east line of the west half of the south-east quarter of section 24, aforesaid, (which is the property of the Chicago, Burlington and Quincy Railroad Company.) The property of Henry H. Walker is occupied by the Chicago Steel Foundry Company by a two-story brick building, the Illinois Vinegar Manufacturing Company occupies its property with its vinegar plant and equipment, and the Chi-

cago, Burlington and Quincy Railroad Company occupies its property, in part, by a switch track, which crosses said proposed street and connects with the shipping platform of the Illinois Vinegar Manufacturing Company, located upon block 9. The following plat shows the situation of the property proposed to be taken and the improvements and tracks situated thereon:

The jury fixed the compensation to be paid the owner of the west thirty-three feet taken from block 8 at $1375, and assessed the block, excepting the street, $200, and fixed the compensation to be paid the owner of the east thirty-three feet of block 9 at $1455, and assessed block 9, excepting the proposed street, $245.

McCLANNAHAN & MARTIN, for appellant Henry H. Walker.

JOHN P. AHRENS, for appellant the Illinois Vinegar Manufacturing Company.

PHILIP J. MCKENNA, and EUGENE H. DUPEE, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

*First*—The first contention made by appellants is, that the ordinance for the opening of said street makes no provision for acquiring, by condemnation or otherwise, the right to cross the main line of the Chicago, Burlington and Quincy Railroad Company where it is intersected by said proposed street, and that under the authority of *Hutt* v. *City of Chicago,* 132 Ill. 352, and kindred cases, (as it will be necessary to have future legislative action by the city council of the city of Chicago before said street can be opened by connecting the street situated upon the south side of said line of railroad,—that is, the land sought to be condemned,—with Rockwell street north of said line of railroad,) the street cannot be opened and the land condemned paid for by special assessment. That objection to the improvement ordinance was obviated by the introduction in evidence of an ordinance of the city of Chicago which had been accepted by the Chicago, Burlington and Quincy Railroad Company and which provided for the elevation of the main tracks of the Chicago, Burlington and Quincy Railroad Company in the city of Chicago, and which ordinance expressly provided for a subway to be constructed upon Rockwell street at the intersection of said main line of railroad and said street; and when the improvement and elevation ordinances are considered together, it is clear provision had been made by the city for the entire improvement,—that is, the opening of Rockwell street from West Eighteenth place to West Nineteenth street,—and there existed no reason why such improvement could not be made and paid for by special assessment.

*Second*—It is next contended that the city cannot acquire the property sought to be taken in this proceeding for

street purposes by reason of the fact that the city heretofore sought to acquire, by condemnation, this same property, and that proceeding is a bar to this proceeding. We are of the opinion the former proceeding is not a bar to this proceeding. The former proceeding occurred more than five years ago and did not cover the same property as this, and there is nothing in this proceeding to impeach the good faith of the city of Chicago. *City of Chicago* v. *Goodwillie,* 208 Ill. 252.

*Third*—It is further urged that there is a defect of parties in this proceeding, in this: that the Chicago Steel Foundry Company was not made a party. This was true at the inception of the case, but the appearance of the Chicago Steel Foundry Company was subsequently entered and thereafter there was no defect of parties. *Grier* v. *Cable,* 159 Ill. 29.

*Fourth*—It is also alleged that the elevation ordinance does not authorize the extension of the proposed street across the right of way of the Chicago, Burlington and Quincy Railroad Company's main line. The elevation ordinance provides for a subway at the point in question, and, regardless of the question as to where the fee of the part of the street at that point will rest, the city will enjoy an easement in the railroad company's right of way for subway purposes at that intersection, and the opening of the street cannot be defeated by reason of the fact that the city has not condemned the right of way underlying the main line, in this proceeding.

*Fifth*—It is contended that the court erred in declining to permit the Illinois Vinegar Manufacturing Company to make proof that it had an easement in the switch track of the Chicago, Burlington and Quincy Railroad Company, which crosses said proposed street at the surface and connects with its loading platform, and that the opening of said proposed street will either require the elevation of said switch track or its removal, and that in any event said ap-

pellant's property will sustain great damage and be largely depreciated in value for the purposes for which it is now used. The offer of proof was, that in 1895 an arrangement was entered into between the Chicago, Burlington and Quincy Railroad Company and the Illinois Vinegar Manufacturing Company, whereby, in consideration of the right of the railroad company to extend the foundations of its retaining walls underneath the surface of the land of the Illinois Vinegar Manufacturing Company, the Illinois Vinegar Manufacturing Company should have the right to use the switch track connected with its loading platform; that said arrangement was consummated by the construction of said retaining walls and the switch track; that the Illinois Vinegar Manufacturing Company has had the use of said switch track since that time and is now using said switch track in connection with its plant, and that to remove or elevate the switch track would necessarily require many changes in the construction and operation of its vinegar plant. The Illinois Vinegar Manufacturing Company had filed a cross-petition fully setting up all the facts relied upon by it as showing its interest in the switch track and the damage to its property by the elevation or removal of the switch track, and we are of the opinion the proof offered by it to sustain the allegations of its cross-petition should have been admitted.

It is urged by the city that the Illinois Vinegar Manufacturing Company has an adequate remedy for any damage which it may sustain against the city if the city should interfere with its switching privileges as they now exist, and that for that reason the proof was properly excluded. We cannot assent to that view. If the Illinois Vinegar Manufacturing Company, by contract, has a right to have the switch now connected with its shipping platform maintained, it is manifest it cannot be deprived of that right by condemnation when it has filed a cross-petition setting up such right, without having an opportunity to be heard in.

the condemnation proceedings upon that question. This view is fully sustained by the following authorities: *Chicago, Peoria and St. Louis Railway Co.* v. *Wolf*, 137 Ill. 360; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 96 id. 274; *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 151 id. 359; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Naperville*, 166 id. 87.

The appellants have urged in their briefs other grounds of reversal, but we deem them to be without force.

The judgment of the circuit court as against the appellant Henry H. Walker will be affirmed, but as to the appellant the Illinois Vinegar Manufacturing Company it will be reversed and the cause as to that company remanded to the circuit court for a new trial, Henry H. Walker to pay one-half the costs in this court.

*Reversed in part and remanded.*