
TONY DeVINCENZO, PROSECUTOR, v. TOWN OF WEST NEW
NEW YORK. IN THE COUNTY OF HUDSON. JOSEPH
STILZ ET AL., BOARD OF COMMISSIONERS OF THE
SAID TOWN, RESPONDENTS.

Submitted May 3, 1938—Decided August 11, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Anthony J. Armore.*

For the respondents, *Irwin Rubenslein.*

The opinion of the court was delivered by

CASE, J.  The writ brings up for review the action of the
board of commissioners of the town of West New York in
adopting, on November 23d, 1937, an ordinance providing for
the payment of a pension to the widow of a former member of
the fire department who met his death in the performance of
his duties as a fireman.

There are two grounds of attack: First, that there was an unlawful break in the continuity of municipal action in passing the ordinance; second, that the ordinance was without statutory authorization.

The ordinance was introduced and given a first reading on September 28th, 1937, when it was laid over "until the next regular meeting for final adoption after public hearing." The next regular meeting was on October 26th, 1937, and the ordinance was advertised for that meeting. At the meeting on October 26th, 1937, opposition developed to the passage of the ordinance, and the minutes of the meeting disclosed that "in view of the many objections the commissioners decided that the adoption of the ordinance be deferred. The town clerk was directed to notify both sides when a date would be set for a hearing." That meeting adjourned without continuing the matter of the ordinance over to a fixed day. Later there was what is called "a meeting of the Committee of the Whole" on November 16th, 1937, and certain persons were notified by mail of the meeting. At that meeting of the Committee of the Whole "the Committee of the Whole stated that the ordinance would be considered for final adoption at the regular meeting of the Board of Commissioners to be held on November 23d, 1937." Without further advertisement of the purpose to consider the board of commissioners did take up and finally pass the ordinance at its meeting on November 23d. It was said in *Jersey City, &c., Railway Co.* v. *Passaic,* 68 *N. J. L.* 110, that "the public has the right to know when action upon an ordinance is to be taken, and if by failure to act or other cause an ordinance is stayed in its progress to final passage, through a failure of proper continuance by the council, it dies with the end of the last vitalizing action." See, also, *Farish* v. *Linwood,* 112 *Id.* 285. The continuity in the municipal action was broken when the meeting of October 26th, 1937, adjourned without day for the consideration of the ordinance. That was the end of the last vitalizing action.

The ordinance in question is entitled "An ordinance to provide for the payment of a pension to Agnes Kloster, widow

of Captain Max Kloster, a former member of the Fire Department of the Town of West New York, who met his death in the performance of his duties as a fireman," and the ordinance relates specifically and exclusively to the payment of a pension to Agnes Kloster as indicated in the title. It is the contention of the prosecutor that the statute gives the municipality the right to pass a general ordinance relating to pensions of the character in question but not a specific ordinance. That view was quite clearly the holding of this court in *Delaney* v. *Hoboken*, 107 *N. J. L.* 1, wherein Chief Justice Gummere, speaking of that statute, held thus:

"Moreover, we are of the opinion that even if the obligation to pass such an ordinance as that described in the statute, is compulsory, it was not the legislative intent that each time a member of the fire department should come to his death from injuries received in the performance of his duty, a separate ordinance should be passed, but that a single ordinance embracing the whole subject-matter should be adopted by the municipality; that is, an ordinance providing for the payment of an annual pension to the families of each and every fireman who meets his death while performing his duty as such officer. For this reason we think the application to pass an ordinance confined to a single family, was properly denied, even if the legislative provision referred to is mandatory."

The proceeding there was on the return of an alternative writ of *mandamus* wherein the children of a deceased fireman sought to compel the governing body of the municipality to pass an ordinance providing for a pension. The court held that the application should be denied for the reasons, first, that the governing body should not be deprived of its discretion and, second, for the reason stated above. Respondents argue that the views so expressed by our late chief justice were *dicta* and therefore not controlling; but in our opinion they were not *dicta*. They were the views of the court embodying one of two reasons, both of which, obviously, were effective in bringing the court to its conclusion. That determination has been the accepted law for some years, and we follow it.

The ordinance under review will be set aside, with costs.