**Wallace McCLAIN et al., Appellants,**

v.

**CITY OF INDEPENDENCE et al.,
Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1961.

William O. Ware, Ware & Ware, Covington, for appellants.

Charles H. Deters, Covington, for appellees.

CULLEN, Commissioner.

On August 20, 1957, the City of Independence, Kentucky, enacted an ordinance proposing annexation of certain territory, under KRS 81.100, 81.110 and 81.240. Within the 30-day period allowed by the statutes for filing a remonstrance suit a group of resident freeholders in the territory appeared before the board of trustees of the city and expressed objections to the annexation. However, for reasons that are not significant to the decision of this case, they did not file a remonstrance suit. Some two years later, on September 21, 1959, the city enacted a second ordinance which made the annexation effective. Two of the freeholders in the annexed area then filed this action seeking to have the second ordinance declared null and void. Judgment was entered holding the ordinance valid. The plaintiffs have appealed.

The contention of the appellants that the annexing ordinance is void is based solely upon the fact that there was a lapse of some two years between the enactment of the proposing ordinance and the enactment of the annexing ordinance.

The appellants do not offer any authorities in support of their contention nor do they suggest any valid reasons why an annexing ordinance must be enacted within less than two years of the enactment of the proposing ordinance. They make no showing of any prejudice or detriment resulting from the delay.

It frequently happens that there is a lapse of several years between the proposing ordinance and the annexing ordinance, in cases where remonstrance suits are filed that result in protracted litigation. It has never been considered in such cases that the lapse of time was of any significance. We see no reason why the lapse of time in the instant case should invalidate the annexing ordinance.

The judgment is affirmed.