CITY OF ST. MATTHEWS, Appellant,

v.

Shelton B. ARTERBURN et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1967.

Rehearing Denied Nov. 17, 1967.

Bert T. Combs, Julius Rather, Lexington, Clay Copeland, J. W. Jones, Louisville, for appellant.

Robert L. Sloss, Stuart E. Lampe, Wyatt, Grafton & Sloss, Louisville, for Shelton B. Arterburn, Alice M. Arterburn, Covington Arterburn and Louisville Shopping Center, Inc.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for Bluegrass Manor, Inc.

E. P. Sawyer, Louisville, for Fiscal Court of Jefferson County.

MONTGOMERY, Judge.

The City of St. Matthews appeals from a judgment dismissing its petition to annex certain property between St. Matthews and the Watterson Expressway. The trial court held that the lapse of five years, six months and twenty-six days between the date of notice to the Jefferson County Fiscal Court of the introduction of an ordinance proposing annexation and the date of adoption of the ordinance in 1965 constituted an unreasonable delay which invalidated the annexation proceeding. Other questions presented are not considered in view of the lower court's holding.

St. Matthews is a fourth-class city. KRS 81.010. The property sought to be annexed lies southeasterly from St. Matthews near the juncture of Shelbyville Road and Watterson Expressway. On part of the property lies a large shopping center known as "The Mall." Only one registered voter resides within the territory sought to be annexed. Appellees Shelton B. Arterburn, Alice M. Arterburn, and Covington Arterburn own in fee all of the land involved. Appellees Louisville Shopping Center, Inc., and Bluegrass Manor, Inc., each have 99-year ground leases covering most of the territory concerned. The Fiscal Court of Jefferson County is also an appellee. The appellees, with the exception of the fiscal court, protested the annexation by answer which raised several defenses. The fiscal court answered but did not protest or present any defense. The petition was dismissed on motion of the remonstrants.

On motion to dismiss apparently the question was raised whether the fiscal court was properly notified.

Annexation proceedings in fourth-class cities are governed by KRS 81.220 et seq. However, in counties containing a city of the first class, notice of the introduction of an ordinance proposing annexation must be given to the fiscal court of the county. KRS 81.290. In substance the statute provides that the notice must be given "at least seven days prior to enactment" of the ordinance proposing the annexation. Under the statute failure to give the notice renders the ordinance null and void. It is also provided that the fiscal court shall be made a party to any protest suit. Further, the statute is silent as to what part the fiscal court shall play in the proceedings.

The petition and exhibits show that a letter dated April 14, 1960, was mailed to

the Jefferson County Fiscal Court, advising of the proposed ordinance. The letter purported to contain a copy of the proposing ordinance and a map of the territory sought to be annexed. As noted, the fiscal court answered in this proceeding. From this state of facts it is sufficiently shown that the fiscal court received notice. This conclusion disposes of appellees' argument that judicial notice should be taken of the fact that the composition of the fiscal court in 1960 and 1965 might vary so that the court as composed in 1965 might not have had notice of the proceeding. A reading of the fiscal court's answer and the absence of a brief in its behalf indicate that the Fiscal Court of Jefferson County has no objection to the annexation.

■ The question resolves itself into whether the delay was unreasonable. The only pertinent statutory provision as to time is that a copy of the ordinance proposing annexation "shall be forwarded to the Fiscal Court of such county * * * at least seven days prior to enactment." Since the facts alleged in the pleadings were accepted on consideration of a motion to dismiss, this requirement was met.

■ It is recognized that a court may not legislate by fixing an arbitrary time limit in the absence of a statute fixing a maximum time. Further, annexation proceedings must be conducted and completed within a time that is reasonable. 2 McQuillin Mun. Corp. (3rd Ed.), Section 7.28, Page 419. A lapse of some two years between the enactment of the proposing ordinance and the enactment of the annexing ordinance has been held not to invalidate the annexation. McClain v. City of Independence, Ky., 351 S.W.2d 512. It was pointed out therein that the lapse of several years in such matters is not infrequent. It was also suggested that there had been no showing of "any prejudice or any detriment resulting from the delay."

An affidavit tendered on behalf of appellant indicates that there may have been some justification in the delay or that the delay may have been induced by appellees. The pleadings raise no issue of unreasonable delay except as urged on the motion to dismiss based on the bare passage of time. Whether unreasonable delay should have been asserted as an affirmative defense is not before us.

■ The extension of city boundaries is of considerable import to the city and to the property owners. Without holding that the delay was unreasonable, we hold it was error to dismiss the petition without a hearing at which the cause of the delay could have been determined. On the record there is nothing except the passage of time to indicate any unreasonable delay. The delay may have been justifiable or excusable. This is a factual issue which should have been determined from testimony heard. The ruling on the motion was premature in the absence of a statute fixing a time limit.

Judgment reversed.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., dissents.

DISSENTING OPINION

OSBORNE, Judge.

The question before the court in this proceeding is whether a delay of over 5½ years between the action of a city council proposing to annex territory and the enactment of the final ordinance annexing it is unreasonable. The trial court found as follows:

"* * * the Court finds in the case at bar that the period of time elapsing between the introduction of the ordinance on April 12, 1960, and its adoption on November 9, 1965, was an unreasonable delay and amounts to an abandonment.

Therefore, the notice was defective, and the attempted adoption was void."

I see no reason to disturb these findings. The majority opinion seems to say 5½ years is not unreasonable, citing McClain v. City of Independence, Ky., 351 S.W.2d 512, wherein we held a two year lapse was not unreasonable. I believe this holding likewise was erroneous. The opinion is more in the nature of one in per curiam than the normal opinion rendered by this court. It cites no authority whatsoever for the holding when there was considerable law upon the subject at the time. So, I would therefore reverse this decision. In Tuell v. Meacham Contracting Company, 145 Ky. 181, 140 S.W. 159, the council of Henderson passed upon its first reading an ordinance providing for the improvement of certain streets on May 4, 1909. On June 1 of the same year the ordinance was again publicly read but failed of passage. On August 3 it was again brought up and received the required number of votes. In a well-considered opinion this court held on a close question that two months was not an unreasonable delay, and further pointed out that what would be unreasonable must depend upon the facts and the circumstances of each case. The pertinent portion of the opinion reads as follows:

"We are of opinion that inasmuch as the ordinance in question was passed in compliance with the requirements of the statute, and the public had two meetings at which their objections to the ordinance were or might have been heard, the validity of the ordinance should be upheld. It is not shown that between June 1st, when it was defeated, and August 3d, when it was passed, conditions had in any wise changed. This being true, appellants are in no more condition to complain than they would have been had the motion to reconsider been made and passed upon the night when the ordinance was defeated. Council unquestionably has a right to reconsider its action at any time, provided the motion is made within a reasonable time.

"What would be a reasonable time must depend upon the facts and circumstances of each particular case.

"In the case at bar we hold that two months was a reasonable time."

See also Bass v. City of Chicago, 195 Ill., 109, 62 N.E. 913, wherein it is held that the lapse of more than a year after certain estimates had been made and a public hearing held and the enactment of the last ordinance was an unreasonable delay. See also McLaughlin v. City of Chicago, 198 Ill. 518, 64 N.E. 1036, which holds that a delay in the enactment of a state improvement ordinance was not unreasonable. The supreme court of New Jersey in De Vincenzo v. Town of West New York, 120 N.J.L. 541, 1 A.2d 36, 37 held that any unlawful break in the continuity of action in the passing of an ordinance renders the ordinance invalid. The opinion states:

"The ordinance was introduced and given a first reading on September 28, 1937, when it was laid over * * *. The next regular meeting was on October 26, 1937, and the ordinance was advertised for that meeting. At the meeting on October 26, 1937, opposition developed to the passage of the ordinance, and the minutes of the meeting disclosed that 'In view of the many objections the Commissioners decided that the adoption of the ordinance be deferred.' * * * Without further advertisement of the purpose to consider the Board of Commissioners did take up and finally pass the ordinance at its meeting on November 23rd. It was said in Jersey City, H. & P. St. Ry. Co. v. Passaic, 68 N.J.L. 110, 52 A. 242, 243, that 'the public has the right to know when action upon an ordinance is to be taken, and if, by failure to act or other cause, an ordinance is stayed in its progress to final passage, through a failure of proper continuance by the council, it dies with the end of the last vitalizing action.' See, also, Farish v. [Mayor, etc.] Linwood City, 112 N.J.L. 285, 170 A. 249. The continuity in the

municipal action was broken when the meeting of October 26, 1937, adjourned without day (sic) for the consideration of the ordinance. That was the end of the last vitalizing action."

5 McQuillin Mun. Corp. (3rd Ed.), Section 16.33 provides:

"The public has a right to know when action is to be taken upon an ordinance. Accordingly, where an ordinance is unduly stayed in its progress to final passage, as in case of failure to take action on it at the time to which it has been continued, it dies. Continuity is broken where a measure is considered at a regular meeting to which it has previously been laid over and where the adoption of the measure is deferred at such regular meeting, which adjourns, without the measure being continued over to a fixed day."

It is my opinion that municipal councils should follow a certain continuity of action so that the public can be continually apprised of the proceedings before it. A delay of 5½ years in the enactment of an ordinance from notice of its initial introduction seems to me unreasonable. The majority opinion makes the statement "It is recognized that a court may not legislate by fixing * * * a maximum time."

I believe it is also recognized that a court has the authority and must in these instances determine what is a reasonable time. If this interval had been 50 years, would we have still held it reasonable? If it had been 20 years, what would have been the result? Or even 10 years. It seems that when the delay is such that public attention is lost, thereby defeating the purposes of public notice, it is unreasonable. Without such rule the entire philosophy of unreasonable delay becomes meaningless. Here the delay was unreasonable because the interested parties had lost notice of the pendency of the ordinance and the council's ultimate action was action without notice.

For the foregoing reasons, I dissent.