Shelton B. ARTERBURN et al., Appellants,

v.

CITY OF ST. MATTHEWS, Appellee.

Court of Appeals of Kentucky,

May 17, 1974.

Rehearing Denied Sept. 13, 1974.

**506**

Robert L. Sloss and Stuart E. Lampe, Wyatt, Grafton & Sloss, Louisville, for appellants.

J. W. Jones, Louisville, for appellee.

S. L. Greenebaum, Greenebaum, Doll, Matthews & Boone, Louisville, for amici curiae.

REED, Justice.

This is a second appeal arising out of an effort by the City of St. Matthews to annex a shopping center called "The Mall." In the first appeal it was held that the trial judge erred in dismissing the city's petition to annex the property without an evidentiary hearing to determine whether a delay of 5½ years between the notification of the proposal to annex and the enactment of the annexation ordinance was justifiable or excusable. Upon return of the case to the circuit court, the trial judge found from the evidence that the delay was reasonable or excusable and that the evidence on the

merits required a finding that the city was entitled to annex the property. The affected property owners again appealed. We have concluded that the city did not sustain its burden to justify the delay under the circumstances presented. Therefore, the validity of the ordinance on which the proceedings depended was undermined to the extent that the required continuity of municipal action was impermissibly broken.

In the prior appeal, City of St. Matthews v. Arterburn, Ky., 419 S.W.2d 730 (1967), we held that annexation proceedings "must be conducted and completed within a time that is reasonable." Id. at 732. As we understand the opinion rendered, it was decided that in the absence of a statutory provision fixing a time certain for municipal action in completing legislation in the instance of annexation by a fourth-class city such as St. Matthews, a delay of over 5½ years in effecting legislation must be shown by the city to be "justifiable or excusable." Id. at 732. The court attached significance to the circumstance: "An affidavit tendered on behalf of appellant [City of St. Matthews] indicates that there may have been some justification in the delay or that the delay may have been induced by appellees [protesting property owners]." Id. at 732.

Upon return of the case to the trial court, the city relied on the following elements to justify or excuse the delay: "1. The Mall area is large, consisting of from 60 to 70 acres . . . . 2. The Mall ownership and management were foreign to St. Matthews and Kentucky . . . . 3. The Mall represented a new development . . . . 4. The city officials knew that the Mall·owners strongly opposed annexation, and that a hasty attempt to annex the area would result in litigation . . . . 5. Delayed annexation would cause no loss or injury to the Mall owners or merchants." Brief for Appellee [City of St. Matthews] at 3–5. There was no substantial evidence that the protesting property owners induced the delay.

McQuillin, The Law of Municipal Corporations § 16.33 (3d ed. 1969), supports the principle of required continuity of legislative consideration by expressing the rule: "Where an ordinance is unduly stayed in its progress to final passage . . . ., it dies." *Id.* at 179.

In the judicial assessment of the sufficiency of the excuse or justification of the delay, it would appear to follow that the longer the delay the more compelling the explanatory evidence should be to satisfy the burden. Therefore, McClain v. City of Independence, Ky., 351 S.W.2d 512 (1961), in considering the effect of a two-year delay presents no imperative applicable to the case sub judice.

Assuming the truth of the first four elements of explanation recited by the city in its brief, we are of the opinion that they do not rise to the compelling quality required to meet the burden of excusing the delay of over 5½ years. So far as the element that the delay caused no loss or injury to the protesting property owners is concerned, it seems to us that this argument partakes of "begging the question." If there is public policy in favor of continuity of municipal action, then potentially affected citizens have a right to reasonably prompt action to reduce their status to a condition of relative certainty so that they may plan their activities. This principle would appear to have special force in Jefferson County where the only first class city in the state is located, but is surrounded by smaller incorporated enclaves all located within that county, which itself provides some municipal-type services. Regarding the absence of loss or injury to the protesting property owners argument, we are reminded that the evil of a sword of Damocles is not that it drops, but that it hangs. *Cf.* Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (decided April 16, 1974) (dissenting opinion of Marshall, J.).

The judgment is reversed with direction to dismiss the proceedings.

All concur.