LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,
Appellant,

v.

CITY OF PROSPECT, Kentucky,
Appellee.

No. 2006–SC–000903–DG.

Supreme Court of Kentucky.

Feb. 12, 2009.

Irvin G. Maze, Maze & Frockt, PLLC, Mark Wesley Dobbins, Sandra Finley Keene, Tilford, Dobbins, Alexander, Buckaway, N. Scott Lilly, Louisville/Jefferson County Metro Government, Second Assistant County Attorney, Louisville, KY, Counsel for Appellant.

Grover C. Potts, Jr., Jennifer Beth Starr, Wyatt, Tarrant & Combs, LLP, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

The subject matter of this appeal dates back to the annexation frenzy of the 1980s in Jefferson County. Both the City of Louisville and the City of Prospect sought to annex the property in question. Although Louisville's annexation ordinance (first reading) was first in time, the trial court ruled the delay in completing the

annexation was unreasonable, deferring to the City of Prospect's annexation ordinance. We interpret KRS 81A.005 as giving the City of Louisville priority over the City of Prospect to annex the property in question and KRS 79.310, as amended and applicable in this case, as allowing the City of Louisville up to twenty-two years to complete the annexation process. With the adoption of Metro Government, the need for a second reading was moot. Before Metro Government was adopted, the City of Prospect had no priority to annex the property in question. After the Louisville/Jefferson County Metro Government form of government was adopted, the City of Prospect had no authority to annex the property in question. Therefore, the attempted annexation was void.

On May 8, 1984, the City of Louisville gave the first reading to an annexation ordinance for the property in question.[1] At that time, the City's code[2] required an annexation ordinance's second reading to occur within six months of the first reading[3] or the ordinance to be reintroduced. Consequently, the Board of Aldermen would reintroduce the first reading every six months. The last reintroduction of the "first reading" was conducted on April 8, 1986. Subsequently, the code was amended[4] to exclude annexation ordinances from the requirement that the second reading occur within six months of the first reading.

In 1986, the City of Louisville and Jefferson County entered into a legislative-authorized compact[5] under KRS 79.310, which called for the parties to create a cooperative framework for cohesive governance of the territory. In 1986, the General Assembly also amended KRS 81A.005, to adopt a procedure for annexations by a city of the first class when a cooperative compact is in effect. KRS 81A.005(3) gives annexation priority to a city of the first class over other cities within Jefferson County.

On August 2, 2002, the City of Prospect, then a city of the fourth class, received a request from the owners of the property in question to annex the property into Prospect. The City of Prospect annexed the property on September 9, 2002, by adopting an ordinance[6] under KRS 81A.412, which allows a single reading and summary proceedings when each of the owners of the property to be annexed consents to the annexation.

The City of Louisville and the Jefferson County Fiscal Court (now Louisville/Jefferson County Metro Government[7]) brought this action against the City of Prospect on September 10, 2002, to declare its September 9, 2002, annexation void ab initio. The trial court entered summary judgment in favor of Prospect and the Court of Appeals affirmed, holding that the City of Louisville lost its priority over Prospect due to Louisville's failure to enact its annexation ordinance within a reasonable time. This Court granted discretionary review to determine whether KRS 81A.005 or KRS 79.310 authorized delays or constitutes a legislative moratorium on annexations in Jefferson County while the metro form of government was being considered.

---

1. Ordinance–140–5–84.

2. *City of Louisville Codified General Ordinance* § 30.15(B).

3. *Id.*

4. Ordinance No. 266, Series 1986.

5. Resolution No. 36, Series 1986.

6. Ordinance No. 429, Series 2002.

7. Merger occurred January 6, 2003.

■ Appellant's first argument before this Court is that the Court of Appeals erred in determining that the first reading of the Louisville annexation ordinance occurred on April 8, 1986, rather than on May 8, 1984. The basis for this argument is that although the "first reading" was on May 8, 1984, the ordinance was not adopted with a second reading within six months as required by Louisville's Codified General Ordinance Section 30.15(B), and thus expired. Therefore, the reintroductions were not a continuation of the original ordinance, but new ordinances. Under this reasoning, only when Section 30.15(B) was amended to eliminate the six month requirement, would an ordinance have a lasting effect. That "first reading" was on April 9, 1986. On the other hand, the Appellant argues that the reintroductions of the 1984 "first reading" ordinance allowed the 1984 ordinance to remain valid and preserved the continuity of the 1984 ordinance, which allowed Louisville to maintain its priority in annexation over Prospect's annexation ordinance.

KRS 81A.005(3) would give Louisville's annexation "first reading" priority over Prospect's annexation ordinance if Louisville "had a first reading . . . as of January 1, 1986." If the "first reading" was the April 9, 1986, reading, then instead of Louisville receiving statutory priority, "ordinances . . . enacted prior to July 15, 1986, shall, *at the discretion of the court,* be remanded on the docket . . . during the term of the compact." KRS 81A.005(3) (emphasis added). Although the trial court found the 1984 ordinance was still in effect, the Court of Appeals reversed on this issue. The Court of Appeals ruled that because, pursuant to rules of the Louisville Board of Aldermen, the proposed ordinance was "reintroduced" every six months, the "first reading" of the ordinance was on April 8, 1986, after which time the reintroduction requirement for

annexation ordinances was removed. Citing *City of St. Matthews v. Arterburn,* 419 S.W.2d 730 (Ky.1967), and *Arterburn v. City of St. Matthews,* 512 S.W.2d 505 (Ky. 1974), the Court of Appeals ruled further that Louisville's proposed annexation ordinance lost priority over the 2002 Prospect ordinance due to Louisville's failure to enact the annexation ordinance within a reasonable time.

We agree with the trial court that the May 8, 1984, date is applicable here. At the time of its adoption, the "first reading" was assigned a tracking number (Ordinance–140–5–84). There was no statutory requirement that required passage or reintroduction within six months, only the Louisville City Code of Ordinances (Section 30.15(B)). To see if the reintroductions were intended to begin anew or preserve the status quo, we must look to the language of Section 30.15(B), and the surrounding circumstances. The "first reading" was reintroduced these dates: October 15, 1984; April 9, 1985; October 8, 1985; and April 8, 1986. The reintroductions did not contain a new ordinance number, but retained the original (Ordinance–140–5–84) and the original ordinance was stamped "Reintroduced" followed by the date of the Aldermen's meeting where it was read. Section 30.15(B) at the time in question, until amended in 1986, provided:

No proposed ordinance shall be passed by the Board of Aldermen at any meeting if six months or more have elapsed since the month of the introduction of the proposed ordinance or the month of the last action by the Board of Aldermen on that ordinance unless or until that proposed ordinance has been re-introduced and read at a previous meeting of the Board within the prior six-month period of time.

Thus, the reintroductions, which did not require a new vote, were merely a savings

clause to keep the "first reading" from expiring. Therefore, we agree with the trial court that the date of Louisville's "first reading" of its annexation ordinance was May 8, 1984, and we reverse the Court of Appeals on that issue.

▇ Even though both the trial court and the Court of Appeals reached opposite results on the above issue, both determined Louisville had lost its priority over the Prospect annexation ordinance for failure to enact the annexation within a reasonable time. Appellant contends the rationale of the *Arterburn* cases [8] is not applicable in this case because of the Compact agreement [9] and legislation,[10] which were enacted *after* the *Arterburn* cases, and which, in effect, created a moratorium on annexation of the property in question. We agree. *City of St. Matthews v. Arterburn*, 419 S.W.2d 730. involved an annexation case wherein the City of St. Matthews gave a notification of proposed annexation and then did nothing further until some five and a half years later. The trial court agreed with the owners of the land being annexed that the delay was unreasonable. This Court's predecessor, the Court of Appeals, reversed and remanded for a determination of whether the delay was justified or excusable, "in the absence of a statute fixing a time limit." *Id.* at 732. On remand, the hearing was conducted and the matter ended up before our predecessor in *Arterburn v. City of St. Matthews*, 512 S.W.2d 505. Again, our predecessor prefaced its discussion and decision on the reasonableness of the delay, and whether the delay was "justifiable or excusable" with a caveat, "in the absence of a statutory provi-

sion fixing a time certain for municipal action in completing legislation...." *Id.* at 506 (citing *City of St. Matthews v. Arterburn*, 419 S.W.2d at 732).

In the case before us, we have a detailed legislative scheme, which undeniably facilitates a transition from the City of Louisville to the Louisville/Jefferson County Cooperative Compact, and eventually, to the Louisville/Jefferson County Metro Government. The scheme involved a number of statutes, which all have to work together. The General Assembly said such in the statutes:

> KRS 79.335. Nonseverability of provisions governing cooperative compacts
>
> If any provision of KRS 79.310, KRS 81A.005, or KRS 79.315 to 79.330 is held to be unconstitutional or invalid, that provision shall not be severable but KRS 79.310, KRS 81A.005, and KRS 79.315 to 79.330 shall be invalidated, because it is the intention of the General Assembly that the provisions of KRS 79.310, KRS 81A.005, and KRS 79.315 to 79.330 are so essentially and inseparably connected with and dependent upon every other provision that KRS 79.310, KRS 81A.005, and KRS 79.315 to 79.330 would have not been enacted without the inclusion of every provision in KRS 79.310, KRS 81A.005, and in KRS 79.315 to 79.330.

Originally, the General Assembly allowed Louisville and Jefferson County up to twelve years to govern through the cooperative compact. KRS 79.310(2).[11] As the expiration time approached, the General Assembly authorized a ten year extension.[12] Metro Government took effect

---

**8.** 419 S.W.2d 730 (Ky.1967) and 512 S.W.2d 505 (Ky.1974).

**9.** Resolution No. 36, Series 1986.

**10.** KRS 81A.005(3); KRS 79.310; KRS 79.335.

**11.** Effective 7–15–86.

**12.** HB 624, Chapter 104, 1998, effective 6–1–98.

January 6, 2003, which eliminated the co-operative compact, and gave the Louisville/Jefferson County Metro Government jurisdiction over all of Louisville and unincorporated Jefferson County.

Louisville's "first reading" of the annexation ordinance gave it priority over Prospect's annexation ordinance. Both *Arterburn* cases dealt with what would be a reasonable time to complete the annexation in the absence of a statutory provision fixing a time for completion. That is not the case before us. We have a statutory scheme requiring completion within twenty-two years. Before the expiration of the statutory limitation, the Louisville/Jefferson County merger took place, negating the necessity for further action. Because the statutory period had not expired before Prospect's ordinance was enacted, the Prospect annexation ordinance in question is void.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the City of Prospect's (annexation) Ordinance No. 429, Series 2002, is declared *void.*

All sitting. All concur.